IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY JILL ST. JOHN, an individual, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>Defendant. | 1:01-cv-05354-AWI-SMS<br><br>**ORDER re: *IN CAMERA* REVIEW OF PLAINTIFF'S MEDICAL/DENTAL RECORDS** |

 The Court met with counsel telephonically and informally on December 19, 2006 (Doc. 147). Pursuant to the Court's offer to conduct an *in camera* review of medical records with which production Plaintiff takes exception due to claimed relevancy objections or privacy concerns, the Court received only one (1) set of records prior to the January 26, 2007, cut-off deadline. Those records are from Dr. Margaret Meadows, DDS.

 Unaccustomed as the Court is to being baffled, this is one of those times. Upon review of the very limited records regarding Plaintiff's dental history with Dr. Meadows from April 4, 2002 to the last visit recorded of April 22, 2004, there seems to be

1  absolutely no reason whatsoever for the Court to be put to the task
2  of reviewing these records for discoverability in this case.  If
3  there are privacy concerns regarding Plaintiff's dental care, it
4  does not jump out.  And, if Plaintiff is concerned about basic
5  garden-variety relevance, it is astonishing that she would ask this
6  Court to take the time to review a dental file with no assistance
7  as to what is claimed to be protected.

8      It is for the trial judge to determine admissibility at trial;
9  now is not the time to rule on relevancy as it impacts
10 admissibility.  And, given the choice between giving up four (4) or
11 so pages of arguably unrelated information regarding one's client's
12 teeth versus asking the Court to take her time to wonder at the
13 discoverability, the choice should be clear.  It may be that there
14 is something in the patient's/Plaintiff's own relation of her
15 general medical history upon initial visit with the good Dr. that
16 is of concern.  But, even that is not clear to the Court.

17     IT IS HEREBY ORDERED that the 1⅔ pages of Treatment Notes be
18 copied and produced along with the two-sided (blue) Confidential
19 Patient Information sheet.  To facilitate this production, the
20 Court will copy and forward the four (4) pages of discoverable
21 information to both counsel, and will return the original dental
22 file to Dr. Meadows.

24 IT IS SO ORDERED.
25 **Dated:    February 13, 2007**              **/s/ Sandra M. Snyder**
   icido3                              UNITED STATES MAGISTRATE JUDGE